Samantha MILBY, Plaintiff

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** Defendant.

Civil Action No. 3:13–CV–00487–CRS.

United States District Court, W.D. Kentucky, at Louisville.

Feb. 10, 2014.

Michael D. Grabhorn, Grabhorn Law Office, PLLC, Louisville, KY, for Plaintiff.

Jason Renzelmann, Susan C. Lonowski, Frost Brown Todd LLC, Louisville, KY, for Defendant.

### MEMORANDUM OPINION AND ORDER

CHARLES R. SIMPSON III, Senior District Judge.

This matter is before the Court on a motion for limited discovery (DN 13) filed by Plaintiff Samantha Milby ("Plaintiff")

against Defendant Liberty Life Assurance Company of Boston ("Defendant"). For the reasons set forth below, the Court will grant the motion for limited discovery.

## BACKGROUND

For the purposes of this opinion, the following facts are undisputed. Plaintiff is a former employee of University Medical Center ("UMC"), where she worked as a Registered Nurse. As part of its employee benefits, UMC maintained a group disability insurance policy issued and underwritten by Defendant. Under the policy, disabled employees were entitled to monthly long-term disability ("LTD") benefits in an amount reflecting a percentage of the employee's pre-disability earnings.

In 2011, Plaintiff submitted a claim for LTD benefits. Although she was initially approved for LTD benefits beginning September 10, 2011, Defendant later informed her that she would no longer be eligible beyond February 21, 2013. Without requesting a review of Defendant's determination, Plaintiff filed the present action in Jefferson County Circuit Court on April 17, 2013, alleging breach of contract, breach of good faith and fair dealing, and violations of several Kentucky statutes.

On May 5, 2013, Defendant filed a notice of removal removing the case to this Court on the basis of federal question and diversity jurisdiction. According to Defendant, federal question jurisdiction exists because Plaintiff's LTD benefits are governed by the Employee Retirement Income Security Act ("ERISA"). In response, Plaintiff filed a motion to remand the action to Jefferson County Circuit Court, arguing that Plaintiff's LTD benefits fall within ERISA's "governmental plan" exemption, and thus are governed exclusively by state law. (DN 8). On June 20, 2013, Defendant filed its response brief to Plaintiff's Motion to Remand, arguing that the governmental plan exemption is inapposite be-

cause UMC is not a governmental entity. In support of its response brief, Defendant attached several documents related to UMC's organizational status, including UMC's Articles of Incorporation, UMC's Bylaws, UMC's Affiliation Agreement and Lease Agreement with the University of Louisville, as well as the affidavit of UMC's President and Chief Executive Officer James T. Taylor ("Taylor").

On July 8, 2013, Plaintiff filed the present motion requesting limited discovery related to these organizational documents, as well as the opportunity to depose Taylor. Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now consider the motion for limited discovery.

## DISCUSSION

Plaintiff seeks limited discovery of the remaining content of the documents attached to Defendant's response brief, as well as the opportunity to depose Taylor. According to Plaintiff, further discovery is necessary because Defendant attached incomplete versions of the organizational documents, the remainder of which she argues is necessary in order for her to adequately respond to Defendant's argument that her LTD benefits fall within ERISA's governmental plan exemption. Similarly, Plaintiff requests the opportunity to depose Taylor in order that she may more fully respond to the factual allegations set forth in his affidavit.

In response, Defendant argues that permitting further discovery would be inappropriate because "Plaintiff has not articulated ... any good faith basis for believing that discovery would be able to show UMC is ... a governmental entity for purposes of ERISA." (Resp. in Opp'n to Pl.'s Mot. for Limited Discovery, DN 14, at 1). Instead, Defendant argues that "the most appropriate course of action is for Plaintiff to file her Reply, setting forth with partic-

ularity any disputed facts on which she believes jurisdictional discovery is needed, and for the Court to … determine whether there are any disputed facts material to the inquiry for which targeted jurisdictional discovery is required." (Resp. in Opp'n to Pl.'s Mot. for Limited Discovery, DN 14, at 6).

Although Plaintiff has not definitively shown that her requested discovery will disclose information bearing on the question of jurisdiction, the Court will grant the motion for limited discovery. Having submitted incomplete versions of the disputed documents in support of its response brief, Defendant cannot now expect the Court to deny Plaintiff's request for limited discovery of the remainder thereof. At the very least, Plaintiff is justified in expecting that there may be something in the remainder of these documents that could be useful in responding to Defendant's brief. Furthermore, having offered Taylor's affidavit in support of its argument that UMC is not a governmental entity, Defendant cannot deny Plaintiff the opportunity to depose him. For these reasons, the Court concludes that additional discovery is warranted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Limited Discovery is **GRANTED.** The parties have **30 days from the date of this order in which to conduct limited discovery,** which shall be confined exclusively to: 1) the organizational documents submitted by Defendant in its response brief (DN 11); and 2) the opportunity for Plaintiff to depose UMC's President and Chief Executive Office James D. Taylor. Plaintiff shall have **14 days thereafter to supplement her reply brief in support of her Motion to Remand.**